# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIE E. BROOKS, #315392 | : |
| Plaintiff | : |
| v. | : Civil Action No. PJM-07-42 |
| NANCY L. ROUSE, Warden and | : |
| RUFUS SINE and | : |
| M.W. DAYMUDE | : |
| Defendants | o0o |

## MEMORANDUM OPINION

Pending is Willie E. Brooks's pro se civil rights complaint pursuant to 42 U.S.C. §1983 alleging excessive use of force by Rufus Sine and M.W. Daymude, correctional officers at the Maryland Correctional Institution- Hagerstown.[1]  Counsel for Defendants has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, supported by verified exhibits.  Brooks has filed a Reply.  Inasmuch as Defendants rely on materials beyond the scope of the complaint, their motion shall be construed as one for summary judgment pursuant to Fed. R. Civ. P. 56.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md.2004).  After review of the pleadings, exhibits, and applicable law, the Court will grant the Motion for Summary Judgment and enter judgment in favor of Defendants.

### Factual Background

On April 5, 2006, Officer Michael Daymude escorted Brooks to an appointment with a psychologist.  Brooks asked Officer Daymude to remove his handcuffs.  Officer Daymude told him

---

[1] Brooks has since been transferred, and is presently incarcerated at the Roxbury Correctional Institution.

that he could not remove the cuffs because Brooks was on segregation. Brooks countered that he was on administrative segregation. Office Daymude replied that Brooks had to remain cuffed. Brooks became upset. According to Brooks, Officer Daymude said "You people complain too much." Brooks called Officer Daymude "a racist mother fucker." Brooks attempted to walk away and verbally threatened Officer Daymude. Brooks refused to attend his psychology appointment in handcuffs and was escorted back to his cell.

Brooks acknowledges that he and Officer Daymude began to "exchange words." Brooks claims Officer Daymude tightened his handcuffs. During the escort back to the cell, Officer Sine joined Brooks and officer Daymude. Officer Daymude states that Brooks threatened him to take off the handcuffs so that he could hit him in the face. According to Officer Daymude, Brooks said " If you take these cuffs off I will punish you."

Brooks returned to his cell and was instructed to place his hands in the feed-up slot so that his handcuffs could be removed. The parties disagree as to what next occurred. Officer Daymude and Officer Rufus Sine state that when Officer Sine removed one of Brooks's handcuffs, Brooks attempted to forcibly pull his hands back into the cell. Officer Sine tried to hold on to the handcuffs, causing the Officer's hand to scrape across the sharp edge of the feed-up slot. Officer Sine held on to the handcuffs as a security precaution so that he dangling handcuffs could not be used as a weapon. After a brief struggle, Officer Sine was able to remove the handcuff from Brooks's other hand.

Brooks describes the incident differently. He states that both correctional officers used the handcuffs to pull his hands, causing him pain and bleeding. Brooks attempted to pull his hands back into the cell. When Brooks pulled his hand back into the cell his left handcuff came off.

As a result of the incident, Officer Sine sustained scraps and blisters on his left hand and arm. Brooks was seen by medical department personnel for small abrasions on his wrists and given a

band-aid. Photographs were taken of the injuries.

Both Officers Sine and Daymude issued infractions to Brooks for the incident. On April 11, 2006, a hearing was held and Brooks was found guilty. At the hearing, Brooks testified as did another inmate, Roger Ford. Ford testified, that he heard a "commotion and saw an officer pulling on Brooks's arm like it would break. They finally got the cuffs off."

After considering the testimony of the witnesses, the hearing officer found Brooks's defense unconvincing. The hearing officer observed that Ford's testimony gave the impression of being rehearsed, and credited the reports of Officers Sine and Daymude as reliable. Brooks was sanctioned with 150 segregation days. Brooks was also criminally prosecuted for this incident in the Circuit Court for Washington County, and found guilty of assault in the second degree on a Department of Correction employee. Brooks was sentenced to one year incarceration.

**Standard of Review**

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e). The court should

3

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const, amend VIII.  A claim of excessive force involves both objective and subjective elements. *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998).  The subjective element is analyzed as "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992)  The objective element is met if the officers' actions were harmful enough to offend contemporary standards of decency. *Id*. at 8.  In making these determinations, a court must look at the need for the application of force, the relationship between the need and the amount of force applied, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). While it is not necessary for a prisoner to show significant injury, *Hudson*, 503 U. S. at 9, "absent the most extraordinary circumstances, Brooks cannot prevail on an Eighth Amendment excessive force claim if his injury is *"de minimis"*." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir 1994); *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1996).  "[N]ot ...every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9; *see also Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998) (bruising on arm, jaw, wrists de

4

minimis injury).

The record shows that Brooks sustained no more than de minimis injury with scrapes and a bruise on his hand. The use of force was initiated by Brooks when he pulled his hands back through the feed slot with one handcuff removed. Brooks had already verbally threatened to harm Officer Daymude if the cuffs were removed. Officer Sine, for obvious security reasons, held on to the handcuff to prevent its use as a weapon. As a result, both Officer Sine and Brooks sustained minor injuries. Brooks's excessive force claim is unavailing. The confrontation was confined to preventing use of the dangling handcuff as a weapon and removing the remaining handcuff. The Court finds the injury Brooks sustained was de minimis and he has sustained an Eighth Amendment claim.

## Conclusion

For these reasons, the Court will grant Defendants' Motion for Summary Judgment and will enter judgment in favor of Defendants and against Plaintiff.

September 20, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE